# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 14-cv-01707 |
| ) | |
| KEVWE AKPORE, Warden, ) | |
| Hill Correctional Center, ) | Judge Robert M. Dow, Jr., |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Kevwe Akpore's motion to dismiss [13] Petitioner Jason Smith's petition for a writ of habeas corpus [1] on the ground that the petition is time barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, the Court grants Respondent's motion [13] and dismisses the habeas petition as untimely.

**I.  Background**

In December 2006, following a jury trial in the Circuit Court of Cook County, Illinois, Petitioner Jason Smith was convicted of attempted murder and attempted aggravated vehicular hijacking and sentenced to consecutive terms of 20 and 15 years imprisonment, respectively. Petitioner appealed, and the state appellate court affirmed on April 15, 2009. The Illinois Supreme Court denied Petitioner's ensuing petition for leave to appeal (PLA) on September 30, 2009, and Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On May 3, 2010, Petitioner filed a post-conviction petition (see 725 ILCS 5/122-1, *et seq.*) in the Circuit Court of Cook County, which the court summarily dismissed on July 22, 2010. Petitioner appealed, and the Illinois Appellate Court affirmed the dismissal of his petition. On March 27, 2013, the Illinois Supreme Court denied leave to appeal. Over one month later, on May 6, 2013, Petitioner filed a petition for relief from judgment (see 725 ILCS 5/2-1401) in the Circuit Court of Cook County. The Court dismissed the petition as untimely on August 27, 2013. Petitioner did not appeal that decision.

On March 7, 2013, Petitioner mailed his 28 U.S.C. § 2254 petition from Hill Correctional Center. It was received by the Court on March 10. Respondent has moved to dismiss the petition as time-barred [13].

## II. Analysis

The sole question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)  the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege a state-created impediment to filing, a newly recognized and retroactive constitutional right, or an inability to discover the factual predicates of his claim. See 28 U.S.C. § 2244(d)(1)(B)-(D). Respondent thus argues only that the date on which Petitioner's conviction became final by the expiration of time for seeking review is the only applicable date on which to begin the one-year limitations period set forth in § 2244(d)(1). See 28 U.S.C. § 2244(d)(1)(A). Under section 2244(d)(1)(A), the "default" provision, see *Johnson v. Robert*, 431 F.3d 992, 992 (2005), the limitations period begins running when the judgment in a petitioner's case "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

The Illinois Supreme Court denied Petitioner's direct-review PLA on September 30, 2009. Petitioner then had 90 days in which to file a petition for a writ of certiorari in the United States Supreme Court. See S. Ct. Rule 13 (petition for writ of certiorari must be filed within ninety days after entry of judgment). Because Petitioner chose not to seek certiorari review, his conviction became final under § 2244(d)(1)(A) when the time for him to do so expired on December 29, 2009. See *Gonzalez*, 132 S. Ct. at 653 (if petitioner does not seek certiorari to Supreme Court, judgment becomes final under § 2244(d)(1)(A) "when the time for filing a certiorari petition expires").

After December 29, 2009, the limitations period ran for 124 days before Petitioner filed a post-conviction petition in the Circuit Court of Cook County on May 3, 2010, tolling the statute of limitations. See § 2244(d)(2). The limitations period remained tolled while Petitioner litigated the dismissal of that petition in the Illinois Appellate and Supreme Courts. Tolling

concluded on March 27, 2013, when the Illinois Supreme Court denied Petitioner's PLA.[1] The limitations period began to run again the following day, ran for an additional 241 days, and (absent additional statutory tolling) expired on November 24, 2013. Thus, Petitioner's March 2014 habeas petition is untimely.

Respondent contends that Petitioner is not entitled to statutory tolling for the time during which his petition for relief from judgment (§ 2-1401 petition) was pending (from May 6, 2013 to August 27, 2013), because the Circuit Court of Cook County held that it was untimely. Habeas petitioners receive statutory tolling only for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review * * * is pending[,]" (see 28 U.S.C. § 2244(d)(2) (emphasis added)), and a petition for collateral review that is rejected as untimely under state law is not "properly filed" and consequently does not toll the statute of limitations. See *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); see also *Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) ("to be 'properly filed' an application for collateral review in state court must satisfy the state's timeliness requirements").

Here, the state court noted that pursuant to 735 ILCS 5/2-1401(b), § 2-1401 petitions must be filed not later than two years after the entry of judgment, and that "[t]he instant petition was filed on May 6, 2013 – over four years beyond the limitations period * * *." Because Petitioner did not argue that his delay in filing should be excused, the court held that the petition

---

[1] The one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment is not tolled during the 90-day period during which Petitioner could have filed a petition for certiorari with the United States Supreme Court (nor during the pendency of a petition for certiorari to the United States Supreme Court). See *Lawrence v. Florida*, 549 U.S. 327 (2007) (AEDPA not tolled during pendency of petition for certiorari from judgment denying state post-conviction review). In other words, the one-year period does not include the time during which certiorari may be sought in the U.S. Supreme Court (or, if sought, ruled upon). See *id.* at 332-33 (petition for writ of certiorari that is filed and pending following state post-conviction review does not toll limitations period under § 2244(d)(2) because it is not application for "state postconviction * * * review"); see also *Socha v. Boughton*, --- F.3d ---, 2014 WL 3953932, at *1 (7th Cir. Aug. 14, 2014).

may be dismissed on that ground alone. Although the court then went on to consider the merits of the claims in the § 2-1401 petition, the Supreme Court has held that a state court ruling that a petition for collateral review is untimely is the "'end of the matter'" for § 2244(d)(2) purposes, even if the court also addresses the merits of the claim. *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)); see also *Brooks*, 301 F.3d at 841-42. Thus, Petitioner's late-filed § 2-1401 petition did not toll the limitations period, and the limitations period expired on November 24, 2013.

Petitioner argues that the limitations period did not begin to run until the conclusion of post-conviction review on March 27, 2013 (rather than the conclusion of direct review on December 29, 2009), rendering his March 2014 habeas petition timely. According to Petitioner, he is entitled to this later start date due to his counsel's alleged ineffectiveness on direct appeal, that in turn compelled him to seek state post-conviction review and, therefore, constituted a "state-created impediment" to filing. However the plain language of 28 U.S.C. § 2244(d)(1)(B) makes clear that an impediment is something that *prevents* a prisoner from filing his habeas petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). In this case, nothing prevented Petitioner from filing his habeas petition earlier. He could have filed a protective petition at the same time that he initiated post-conviction proceedings in state court, thereby preserving his claims for federal habeas review and avoiding any timeliness concerns. See *Pace*, 544 U.S. at 416 (advising habeas petitioners seeking state post-conviction review for purposes of satisfying exhaustion requirement to file "protective" habeas petition and seek stay of federal proceedings). The existence of federal claims and the availability of state court remedies are not "impediments" within the meaning of § 2244(d)(1)(B).

That leaves equitable tolling. A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010). It is a petitioner's burden to establish both of these points. See *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008). The realm of equitable tolling is a "highly fact-dependent area" in which courts are expected to employ "flexible standards on a case-by-case basis." *Socha v. Boughton*, --- F.3d ---, 2014 WL 3953932, at *1 (7th Cir. Aug. 14, 2014). That said, tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States,* 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation marks and alterations omitted). Petitioner does not argue for equitable tolling, and nothing in the record suggests that Petitioner pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with the limitations period set forth in § 2244. *Holland,* 544 U.S. at 649. Neither his *pro se* status nor his unfamiliarity with the intricacies of habeas law (of which there admittedly are many) constitutes an "extraordinary circumstance." See *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). To the contrary, Petitioner filed an untimely petition for relief from judgment, and then waited more than six months after the denial of that petition to seek habeas relief. Allowing such a significant period of time to lapse does not constitute diligence for purposes of equitable tolling. See *Pace*, 544 U.S. at 419 (finding that petitioner was not diligent when he "sat on his rights" for lengthy amount of time while delaying in state court, and then for five months after end of state court review).

In short, the applicable one-year limitations period expired before Petitioner filed the instant petition, notwithstanding his various attempts to pursue relief in state court. Petitioner's

contention that he had been diligent is pursuing his rights is unavailing as a matter of fact, law, or both.

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner Smith must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ on whether his claims are time-barred under 28 U.S.C. § 2244(d)(1). Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV. Conclusion**

For these reasons, the Court grants Respondent Kevwe Akpore's motion to dismiss [13] Petitioner Jason Smith's petition for habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: September 15, 2014

Robert M. Dow, Jr.
United States District Judge